UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GUY McEACHIN, 00-A-5257,

        Plaintiff,

        -v-

MICHAEL McGINNIS, W. E. WILCOX,
and J. IRIZARRY,

        Defendants.

_____

DECISION AND ORDER
02-CV-6005CJS(Fe)

**Siragusa, J.** Before the Court is plaintiff's motion (Docket No. 38) to award interest on a judgment. Plaintiff argues that the plain language of 28 U.S.C. § 1961 mandates payment of interest to him as of the date of the entry of the Court's order dismissing the case. In that regard, a stipulation and order settled the case. The order was entered on January 19, 2007. Plaintiff contends that interest is due from that date until June 27, 2007.

Section 1961 states in pertinent part as follows:

> (a) Interest *shall be* allowed on any money judgment in a civil case recovered in a district court.… Such interest *shall be* calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment.…

28 U.S.C. § 1961(a) (2000) (emphasis added). It is now well established that parties may deviate from the rate of interest by their own agreement that specifically addresses post-judgment interest. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101-02 (2d Cir. 2004) ("We agree that parties may by contract set a post-judgment rate at which interest shall be payable."); *In re Lift & Equipment Service, Inc.*, 816 F.2d 1013, 1018 (5th Cir. 1987) ("While 28 U.S.C. § 1961 provides a standard rate of post-judgment interest, the

parties are free to stipulate a different rate, consistent with state usury and other applicable laws."). One district court struggled with the issue since it had no binding circuit precedent at the time. The Court finds discussion in that case instructive:

> The court concedes at the outset that the cases relied upon by plaintiffs, to the extent those cases purport to stand for a well-recognized rule that parties are free to contract for an interest rate other than the rate established in section 1961(a), are problematic in certain respects. In large part, the cases offer very little analysis as to why parties would be able to contract around the seemingly mandatory language of section 1961(a). Moreover, in several of the cases, the precise issue was not one that the court had to decide and, thus, any conclusions about the issue would be mere *dicta*. Nonetheless, it is clear that the Seventh, Fifth and Ninth Circuits consider it beyond dispute that parties are free to contract for whatever post-judgment interest rate they choose. In addition, the Fourth Circuit, albeit in an unpublished decision, expressly adopted the Fifth Circuit's *Hymel* decision in affirming a district court's award of post-judgment interest at a rate set forth in a stock redemption agreement as opposed to the rate set forth in section 1961(a). *See Carolina Pizza Huts, Inc. v. Woodward*, 67 F.3d 294, 1995 WL 572902, at *3 (4th Cir. Sept. 29, 1995). Moreover, at least one district court has declined to award post-judgment interest at the section 1961(a) rate where the parties stipulated to the entry of a judgment which provided for interest at a higher rate. *See In re Connaught Properties, Inc.*, 176 B.R. 678, 684-85 (Bankr. D. Conn. 1995).
>
> In the end, the court is called upon to resolve a difficult legal issue on which the Tenth Circuit has not been called to opine-an issue that is rendered that much more difficult in light of the dearth of on-point analysis by other courts. After carefully weighing both sides of the issue, the court ultimately believes that the Tenth Circuit would likely concur with those Circuits that have held that parties should be and are able to contract for a rate other than the rate set forth in section 1961(a). While section 1961 without a doubt uses mandatory language, the court concludes that Congress intended it to be mandatory in the sense that a district court or other third party (*e.g.*, an arbitrator) has no discretion to award a different rate of interest or to decline to award post-judgment interest. *See, e.g., Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990) (section 1961(a) allows the judge no discretion to deny the interest authorized by that section); *Carte Blanche*, 888 F.2d at 269 (the language of section 1961 is mandatory and its terms do not permit the exercise of judicial discretion in its application). The court, however, can discern no sound reason why Congress would have intended that parties themselves could not agree to a different rate. Thus, the court

>rejects defendants' contention that section 1961(a) supersedes the rate agreed upon by the parties in the purchase agreement.

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 244 F. Supp. 2d 1250, 1274-75 (D. Kan. 2003). This Court likewise concludes that the parties to a lawsuit may agree to a different rate for post-judgment interest than the one provided for in § 1961.

However, the precedent cited by Defendants here, and found by the Court in its own research, does not address the question of whether the parties may agree to deviate from the following statutory language: "Such interest *shall be* calculated from the date of the entry of the judgment…." 28 U.S.C. § 1961(a). On the one hand, the same seemingly-mandatory term "shall" appears in the sentence which courts have agreed may be modified by the parties (setting the rate of interest). Why, then, would the parties not be able to modify the calculation date portion of the statute, which also uses the term "shall"? On the other hand, if the calculation date can be modified by the parties, could it be set so far in advance as to render the statute a nullity in a particular case? For example, if the parties agreed that interest would accrue two years after judgment is entered, and at the rate of 1% per year, the statute would, in essence, be obviated for that case.

The scant discussion in the cases appears to find that Congressional intent was to prevent a *third party*, that is, the district judge, or an arbitrator, from setting the post-judgment interest rate or terms,

>so long as those rates do not violate state usury or other applicable laws. We say this because the text of § 1961 is silent on the point, neither expressly permitting nor ruling out deviations by private agreement. While the section employs mandatory language, *we believe this is aimed mainly at precluding district courts from exercising discretion over the rate of interest or adopting an interest rate set by arbitrators*, *see, e.g., Carte Blanche*, 888 F.2d at 269-70, not at limiting the ability of private parties to set their own rates through contract.

3

*Westinghouse Credit Corp.*, 371 F.3d at 101 (emphasis added). In the case at bar, the parties agreed to the following post-judgment interest terms:

> Payment of the amounts recited in paragraphs #2 and #3 herein above will be made within one hundred twenty (120) days after the approval of this stipulation by the Court and receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement as entered by the Court. In the event that the aforesaid payment is not made within the one hundred twenty (120) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28, U.S.C. 3 1961 beginning on the one hundred twenty-first (121) day after receipt by defendant of a copy of the fully executed and so-ordered Stipulation of Settlement.

(Stipulation of Settlement and Order of Dismissal, Docket No. 33, ¶ 8.) Since the parties themselves agreed to the post-judgment interest calculation in the stipulation, and the terms were not set by a third party, the Court will enforce paragraph eight of the stipulation and order. Accordingly, Plaintiff's motion (Docket No. 38) to award interest on a judgment is denied.

    SO ORDERED.

Dated:  January 18, 2008
          Rochester, New York

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge